UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RUDY COPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:22-cv-363 |
| ) | |
| SECURITAS SECURITY SERVICES USA, INC. ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Rudy Cope ("Cope"), by counsel, and respectfully brings this action against the Defendant, Securitas Security Services USA, Inc. ("Securitas"), claiming unpaid overtime wages under the Fair Labor Standards Act and Indiana Wage Laws. In support thereof, the Plaintiff states as follows:

**I. Parties**

1. Cope is an individual and resident of Hendricks County Indiana.

2. Securitas is a security services, monitoring, consulting and investigation group, based in Stockholm, Sweden. The group has over 300,000 employees in 53 countries worldwide.

3. Securitas is a business entity regularly conducting business in Indiana. Its principal place of business is located at 9101 N. Wesleyan Rd, Suite 200, Indianapolis, IN 46268.

4. At all relevant times, the Plaintiff was employed by the Defendant within the meaning of FLSA during the two-year period prior to filing this Complaint. The Plaintiff is an individual employee within the meaning of the FLSA, 29 USC § 203 (e)(1).

5. At all relevant times, Securitas, was an "employer" within the meaning of FLSA 29 USC § 203d, or alternatively under Indiana Code §22-2-2-3, and Indiana Code §22-2-6-1.

## II. Jurisdiction and Venue

6. The FLSA grants federal or state jurisdiction over claims arising from the violation of its minimum wage and overtime provisions 29 USC §216(b). Therefore, this Court has jurisdiction over the FLSA claims in this case as well as pendent jurisdiction of the state law claims and the Parties to this action.

7. Additionally, Indiana's Wage, Hour and Benefits Laws, I.C. §22-2-2-1 *et seq,* supports Cope's wage claims.

8. Venue in this Court is preferred and appropriate because all of the events described herein took place in the Southern District of Indiana.

9. On January 31, 2022, Plaintiff submitted his Application for Wage Claim to the Indiana Department of Labor, requesting a referral of his wage claim to outside counsel.

10. On February 8, 2022, Cope received authorization from the Indiana Attorney General's Office to pursue this wage claim.

## III. Facts Common to All Counts

11. The Plaintiff is a non-exempt employee of the Defendant, where he works as a Security Manager at the Amazon warehouse in Whitestown, Indiana, and he is paid hourly wages.

12. Securitas has a national contract with Amazon to provide security at Amazon's facilities throughout the United States.

13. During the Plaintiff's employment with the Defendant, the Federal overtime pay regulations required the Defendant pay the Plaintiff one and a half (1 ½) times his regular rate of pay for all hours he worked over forty (40) hours in a workweek.

14. The Plaintiff started his employment for the Defendant on October 8, 2019.

15. At the beginning of his employment, Cope was paid a standard rate per hour ($21.00), and was paid overtime, at the rate of ($31.50) for any hours worked over 40 in a given week.

16. However, Cope was told by his supervisor, Ron Flatford, that Securitas would not pay for any work done at home.

17. Despite being told he would not be paid for work done at home, Securitas often required Cope to work from home after his shift was completed.

18. The demands of the job were such that Cope could not complete all of the necessary requirements of the job during his shift as a security officer.

19. In October of 2021, the Defendant switched to an electronic timekeeping software ("ETK") and Cope, as well as other similarly situated employees, were instructed that they should now use different "bill codes," depending on where the work was performed.

20. When Cope asked his supervisor, Flatford, about all of the hours he had previously worked from home over the prior 2 years, Flatford advised him that he would not be compensated for that time, and that he was, "out of luck."

21. Cope estimates that he performed an average of 4 hours per week of overtime work at home during the period from October 19, 2019 to October 7, 2021 (103 weeks), that he was never compensated for.

22. After the implementation of ETK in October of 2021, Cope was instructed that if he worked overtime, he had to bill that time at rates below his standard hourly rate of $21.00 per hour.

23. For example, after the Defendant switched to ETK, Cope was instructed to bill any overtime hours under the following billing codes: BC004 - Supervisor Wage - $17.00/hr BC008 - Tenured Officer Wage - $15.50/hr.

24. Similarly, Cope's supervisor instructed him to bill any hours worked from home using a third billing code, BC983.

25. When Cope questioned why overtime hours would not be paid at 1.5 times his regular rate of $21.00 per hour, Cope was told that it was due to the terms of Defendant's contract with Amazon.

26. To put it bluntly, Securitas low bid its national contract with Amazon at the expense of its employees, and when Cope inquired why he was not being paid proper overtime, the company's response was, "Amazon will not pay for that."

## COUNT 1: Failure to Pay Overtime Wages (Prior to ETK)

27. The Plaintiff re-alleges the material allegations made herein and presents his claim for unpaid overtime wages, damages and attorney fees.

28. Prior to Defendant switching to ETK on October 7, 2021, Defendant failed to pay Plaintiff for hours worked from home.

29. The estimated number of unpaid overtime hours is 4 hours per week for a period of 103 weeks.

30. Cope's overtime rate was $31.50 per hour, for a total claim of [$31.50 x 4 hrs/week x 103 weeks = $12,978.00].

31. During all relevant times, the Defendants willfully violated federal and/or state regulations under 29 USC § 206 and § 207 or alternatively I.C. §22-2-2-4 by failing to comply with the overtime requirements of the FLSA and the Indiana Wage Laws.

### COUNT 2: Ongoing Failure to Pay Overtime Wages (Post - ETK)

32. Since switching to ETK on October 7, 2021, Defendant is now paying for overtime; however, it is calculating overtime using lower hourly rates than the Plaintiff's standard hourly rate of $21.50 per hour.

33. For example, overtime hours are currently being calculated based on the following rates: Supervisor Wage - $17.00/hr, or - Tenured Officer Wage - $15.50/hr, thereby reducing the amount of overtime that Plaintiff should be receiving.

34. Because the current payments are ongoing, Plaintiff has not yet determined the amount of overtime due since the Defendant switched to ETK.

WHEREFORE the Plaintiff prays the Court enter a Judgment against the Defendant, awarding him for actual damages, liquidated damages, costs and attorney fees provided by the FLSA and Indiana Wage Laws, and for all other relief deemed just and proper in the premises.

Respectfully submitted:

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

5

Christopher E. Clark, #18577-29
GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
Ph. 317-843-2606
Fax 317-574-3095
cclark@goodinabernathy.com
05-142

## **REQUEST FOR JURY TRIAL**

COMES NOW the Plaintiff, Rudy Cope, by counsel, and respectfully requests that this matter be set for trial by jury.

Respectfully submitted:

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

Christopher E. Clark, #18577-29
GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
Ph. 317-843-2606
Fax 317-574-3095
cclark@goodinabernathy.com
05-142